[No. 5304.  Decided April 15, 1905.]

*In the Matter of the Estate of* Ida M. Bryant, *Deceased.*
Julia E. Blinn, *Appellant, v.* R. W. Emmons,
*Administrator etc., Respondent.*[1]

Executors and Administrators—Sales of Real Estate—Order of Sale—Construction. Where it was necessary to sell lands of an estate to raise the sum of $40,000, and the order of sale provided that certain lots should not be sold until all other real estate had been "sold or offered for sale," it is proper to sell one of such lots before the sale of all the other real estate, where it appears that all the other real estate had been offered for sale, that the administrator had made diligent effort to sell the same, without success, for more than six months, and was unable to raise the required $40,000 by a sale of the other property, the statute requiring that any sale must be made within six months from the date fixed for receiving bids.

Appeal from an order of the superior court for King county, Bell, J., entered May 9, 1904, confirming an administrator's sale of real estate, after a hearing before the court upon exceptions to the report of sale. Affirmed.

[1]Reported in 80 Pac. 555.

22-38 WASH.

*McClure & McClure,* for appellant.

*H. T. Granger,* for respondent.

DUNBAR, J.—Ida M. Bryant died December 17, 1894, leaving property in Washington, a portion of which was in King county. She was a resident of Oregon at the time of her death. Her will was proven before the probate court of Multnomah county, Oregon, and on April 12, 1895, on production of a certified transcript of the proceedings of the Oregon court, said will was duly admitted to probate by the superior court of King county, Washington, and letters of administration with the will annexed were issued to R. W. Emmons, who duly qualified, and entered upon the discharge of his duties as such. It is unnecessary to set forth the will at length, it being sufficient to say that, under its provisions, Julia E. Blinn was devised a one-third interest in the undivided one-half interest of the testatrix in lots 3, 4, 5, 6, 7, and 8, in block 32, Maynard's plat of the city of Seattle, Washington.

On January 16, 1903, the administrator filed his petition for the sale of real estate belonging to said estate. Upon the hearing of this petition, the court directed a sale of certain property. The decree recited that it was necessary that a sufficient portion of the real estate of the deceased be sold to raise the sum of $40,000, in order that the proceeds might be applied to payment of the debts, outstanding against the decedent in the state of Washington and in the state of Oregon, and the debts, expenses, and charges of administration in both of said states, and to pay the amount devised in said will, and accrued and unpaid, to Blinn S. Bryant and Julia E. Blinn, and to pay other trusts and devises. The decree also provides as follows:

"It is further ordered by the court that, in making sale

of the said property, the said administrator shall first sell the real estate belonging to said estate situate and lying outside of King county, Washington; that if not sufficient amount is raised from the sale of said property, then that the administrator shall proceed to sell the real estate situated and lying in the county of King, state of Washington, outside of the city of Seattle; that if, after the sale of said hereinbefore mentioned property, there shall not have been raised sufficient to comply with this order, then the administrator shall next proceed to sell the real estate belonging to said estate lying and situated in the said city of Seattle, but that the said administrator shall not sell lots 4, 6, and 7, in block 32, of Maynard's plat of the town of Seattle, now in the city of Seattle, until after all of the other property of said estate has been sold or offered for sale, it being the intent and purpose of this order that the said three lots in Maynard's plat shall not be sold until the balance of the estate has been exhausted, and unless it shall become necessary to sell the same to raise the said sum of $40,000."

The administrator published a notice that a large portion of the estate was offered for sale, the land thus offered including lots 4, 6, and 7, in block 32 of Maynard's addition. On April 18, 1904, the administrator made his return of sale into the court, showing, among other things, that he had sold lot 4 in the said block for the sum of $12,000 to Joseph S. Wing. On the same day the court made an order fixing April 28th for hearing objections to the return. The appellant duly appeared and filed her objections to the sale. Her objections were overruled, and an order was signed by the court confirming the sale. She appeals to this court.

The appellant presents but one question on this appeal, viz., that, under the terms of the will, the laws of this state, and the provisions of the order of sale, the administrator attempted prematurely and without authority to make a sale of said lot 4, block 32, of Maynard's plat.

The order of sale was in conformity, we think, with the requirements of the code, so that the question to be determined here is whether the administrator complied with the order of the court; or, in other words, exceeded or disobeyed the order of the court in selling lot 4 as above described. It appears from the report of the administrator that, at the time he sold the lot in question, he lacked $4,102 of having made the required $40,000, and that he still had other property of the estate which had not been sold; and it is argued from this that the action of the administrator in selling lot 4 was in excess of his powers, and a reckless disregard of the rights of the heirs, the wishes of the deceased, and the order of the court, and that the order of the court in confirming said sale was therefore erroneous.

If there were no further showing than is made in appellant's brief, this contention should undoubtedly be sustained. But a supplemental record which has been sent up by the respondent shows, by the testimony of the administrator—the only witness who testified upon the hearing—that he had offered all of the property belonging to said estate for sale; that he had sold all the property of the estate for which he had been able to obtain bids for a sufficient amount to legally sell under the law; that he had made diligent effort to obtain purchasers and bids for all the property of the estate, and had employed real estate agents for that purpose. It conclusively appears from the testimony of Mr. Emmons, the administrator, that, for more than six months, he had been offering this property for sale, and had been unable to sell sufficient thereof to raise the sum of $40,000, required to be raised by the order of sale. The statute requires that any sale made by the administrator must be made within six months from the date fixed by him when he will commence receiving bids.

All the property of the estate, then, having been on the market for six months, and no offer for the same having been made which could be legally accepted by the administrator, and the required $40,000 not having been obtained, the administrator published his second notice of advertisement for bids, and on that notice received the bid for lot 4 in Maynard's plat, and, according to his testimony, the only means he had of raising the required amount of $40,000. The appellant's contention is that the order of the court that this particular lot should not be sold until the balance of the estate had been exhausted, precluded the selling of the lot under any circumstances until after all the other property of the estate had been sold. But it will be noticed that the order prescribes "until after all other property of said estate has been sold or offered for sale." So that the word "exhausted" must be construed in connection with, and with reference to, the clause "offered for sale;" and, thus construed, together with the testimony of the administrator, we conclude that he had exhausted the property within the meaning of the order of sale, for he had either sold or offered for sale all of the property, and was not able to sell the same.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.